**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julietta FRANCO–BELTRAN,**
**Defendant–Appellant.**

**No. 06–10361.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 18, 2007.*

Filed April 25, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lisa Jennis Settel, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michael J. Bresnehan, Michael J. Bresnehan PC, Tempe, AZ, Defendant–Appellant.

Before: GOODWIN, D.W. NELSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Appellant Juletta Franco–Beltran ("Franco–Beltran" or "appellant") seeks to overturn her conviction under 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (a)(1)(A)(v)(I) for conspiring to harbor undocumented aliens. We reject appellant's arguments (1) that the out-of-court statements of her co-defendant Norma Gomez–Cantu ("Gomez") were improperly admitted under Federal Rule of Evidence 801(d)(2)(E); (2) that admission of the statements violated her rights under the Confrontation Clause of the sixth amendment; and (3) that the district court erroneously admitted a witness's testimony as to what she believed Gomez meant by the phrase "bringing people." Therefore, we affirm the conviction.

### I.

To establish the admissibility of out-of-court statements under Rule 801(d)(2)(E), an offering party is required to prove that (1) there was a conspiracy involving the declarant and the non-offering party; (2) the statements were made during the pendency of the conspiracy; and (3) the statements were made in furtherance of the conspiracy. *Bourjaily v. United States,* 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Proof beyond a reasonable doubt is not required. Rather, the offering party need only demonstrate the existence of the relevant conspiracy by a preponderance of the evidence. *Id.* at 176, 107 S.Ct. 2775. A district court need not explicitly find on the record that the offer-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing party met its burden. *United States v. Lutz*, 621 F.2d 940, 947 (9th Cir.1980).

The proffered statements themselves may be probative, and therefore may be considered in determining whether a proper foundation was laid. *Bourjaily*, 483 U.S. at 181, 107 S.Ct. 2775; Fed.R.Evid. 801(d)(2).[1] There must, however, be some additional evidence of the conspiracy's existence and the involvement of the defendant and the declarant. *Bourjaily*, 483 U.S. at 177, 107 S.Ct. 2775; *United States v. Gordon*, 844 F.2d 1397, 1402 (9th Cir. 1988); Fed.R.Evid. 801(d)(2).

■ We review the district court's decision to admit coconspirators' statements for an abuse of discretion, and the district court's underlying factual determinations that a conspiracy existed and that the statements were made in furtherance of that conspiracy for clear error. *United States v. Moran*, 482 F.3d 1101, 1107–08 (9th Cir.2007) (quoting *United States v. Shryock*, 342 F.3d 948, 981 (9th Cir.2003)). We find a wealth of evidence which, viewed along side the challenged statements, strongly supports the district court's implicit finding that Gomez and appellant were involved in a conspiracy to harbor undocumented aliens. For example, the evidence demonstrated that Gomez was the manager of the Glendale Groves apartment complex and controlled the pricing of its rental units. Although all of the units were identical and a standard rent was established, an assistant manager testified that several apartments used for harboring aliens were subject to extra rent at Gomez's direction. Appellant either rented or provided the funds to rent several units in the complex—each of which was charged an inflated rent. Indeed, when

Gomez became aware that appellant was involved in renting unit 110 at the standard rate, she asked her assistant manager to raise the rent because appellant was "bringing people." Evidence was introduced from which the district court could find that appellant *personally admitted* "bringing people" and agreed to pay the inflated rent. In addition, the evidence showed that appellant was instrumental in leasing unit 112 mere days before law enforcement agents discovered thirty-five undocumented aliens—several of whom were successfully prosecuted as alien smugglers—inside. The evidence demonstrated that appellant rented unit 112 for her nephew—later prosecuted as an alien smuggler—under an assumed name for a large sum of cash after discussing the details of the transaction with Gomez. We conclude that the government met its burden of presenting prima facie evidence of a conspiracy involving Gomez and appellant. Appellant does not specifically argue that the statements were not made during the pendency or "in furtherance" of the conspiracy.

## II.

Alleged violations of the Confrontation Clause are reviewed de novo. *United States v. Bowman*, 215 F.3d 951, 960 (9th Cir.2000). Appellant concedes that the admission of Gomez's non-testimonial statements was permissible under *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We need not decide whether we are still required to apply the test articulated in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), to non-testimonial hearsay statements in the wake of *Craw-*

1. To the extent this Circuit's pre-*Bourjaily* cases required the preliminary factual determinations to be made solely on "substantial independent evidence," they are no longer good law. *See, e.g., United States v. Calaway*, 524 F.2d 609, 612 (9th Cir.1975); *Lutz*, 621 F.2d at 947; *United States v. Rabb*, 752 F.2d 1320, 1325 (9th Cir.1984).

*ford. See United States v. Weiland,* 420 F.3d 1062, 1076 (9th Cir.2005), *cert. denied,* 547 U.S. 1114, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006) (noting uncertainty as to whether *Roberts* survives *Crawford*). Under the *Roberts* framework, the admission of co-conspirator statements under Rule 801(d)(2)(E) does not violate the Confrontation Clause. *Bourjaily,* 483 U.S. at 183–84, 107 S.Ct. 2775; *United States v. Yarbrough,* 852 F.2d 1522, 1536 (9th Cir. 1988) ("[T]he requirements of 801(d)(2)(E) and the confrontation clause of the sixth amendment are identical.") (citations omitted). Since the district court properly admitted Gomez's statements under Rule 801(d)(2)(E), appellant's constitutional claim fails.

### III.

■ Admission of lay opinion testimony is a matter within the broad discretion of the trial judge not to be disturbed unless it is manifestly erroneous. *United States v. Fleishman,* 684 F.2d 1329, 1335 (9th Cir. 1982). An assistant manager of the Glendale Groves, Ruiz–Cota, testified that she interpreted Gomez's statement that appellant was "bringing people" to mean that appellant was "bringing people from Mexico." Franco–Beltran argues that admission of this testimony violated Rule 602 because Ruiz–Cota lacked personal knowledge of Gomez's "thought processes." We agree that Ruiz–Cota necessarily engaged in conjecture as to what Gomez intended to convey by using the phrase "bringing people"—indeed, it is trivially true that no person can know the contents of another's mind. However, the testimony was admissible under Rule 701.

A lay witness may offer opinions or inferences which are (1) rationally based on her perceptions, (2) helpful to the finder of fact, and (3) not based on scientific, technical or other specialized knowledge. Fed.

R.Evid. 701. Given her perceptions (1) that alien smuggling was occurring at the Glendale Groves, (2) that Gomez was involved in charging premium rents for apartments used for undocumented aliens, it was certainly rational for Ruiz–Cota to infer that Gomez intended to convey that appellant was smuggling aliens when she explained that appellant was "bringing people" as the basis for a rent increase. The opinion was helpful to the jury because Ruiz–Cota's experiences at the Glendale Groves and her personal relationship with Gomez meant that she was in "a better position than the trier of fact to form the opinion or to draw the inference." *See* 4 WEINSTEIN'S FEDERAL EVIDENCE § 701.03[3] (2d ed. 1997 & Supp.2006). There is no question that Ruiz–Cota's opinion was not based on scientific or other specialized knowledge. The district court did not abuse its discretion by admitting this lay opinion.

**AFFIRMED**