COLLOTON, Circuit Judge,
concurring in the judgment.
I agree with the decision to affirm, and I concur in the judgment.
The district court did not abuse its discretion in admitting the testimony of witnesses M.N. and S.C. under Federal Rules of Evidence 413 and 414. I do not join the court’s expression of “concerns” about the “prejudicial nature” of the trial testimony of witness E.C.G., ante, at 874 n.4, because Luger does not raise any claim of error concerning this testimony, and the district court properly admitted the testimony of E.C.G. as an alleged victim in the case.
On the motion for reconsideration concerning disqualification, I agree that Luger suffered no prejudice from having an attorney from the United States Attorney’s Office in North Dakota rather than another government attorney represent the United States at sentencing. That is enough to resolve this point of the appeal. The court, ante, at 875-76, goes further in dicta to suggest that a district court considering a motion for reconsideration in a civil case may not receive evidence that was available earlier. The cited authorities, however, all involve orders denying a motion for reconsideration; the court cites no case in which this court held that a district court is categorically forbidden to receive additional evidence on reconsideration without demanding a justification from the movant. The court, ante, at 875-76, also opines that the Sixth and Seventh Circuits apply the asserted “civil standard” to motions for reconsideration in criminal cases. Again, however, the cited authorities involve orders denying a motion for reconsideration. When directly confronted with the propriety of granting a motion in a criminal case, the Seventh Circuit rejected the rule suggested by the court: “We ... decline to impose a justification requirement to reopen a suppression hearing. Instead, we hold that this decision lies within the sound discretion of the district court.” United States v. Ozuna, 561 F.3d 728, 734-35 (7th Cir.2009) (emphasis added).[10] Given that Luger was not prejudiced *879 by the district court’s approach, it is unnecessary here to address whether a district court in any context must demand a justification for the presentation of new evidence on reconsideration.
I agree that the district court did not abuse its discretion in denying Luger’s motion for a new trial, because United States Attorney Purdon was adequately screened from involvement in Luger’s ease. Unlike the court, ante, at 877 n.8, I express no view on the district court’s alternate conclusion that evidence of Pur-don’s conflict of interest was not newly discovered.

. The weight of authority concerning motions to reconsider suppression orders in criminal cases aligns with the Seventh Circuit. Compare United States v. Huff, 782 F.3d 1221, 1224 (10th Cir.2015) (“The district court may prefer, even require, die government to explain why it failed to introduce an argument earlier, but that decision should rest with the district court.") (emphasis added), Ozuna, 561 F.3d at 734-35, In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 177, 196-97 (2d Cir.2008) (“While it may often be useful for the government to explain its reasons for not introducing evi *879 dence earlier, a district court may consider the evidence without first finding, good cause for the government's omission or delay.") (emphasis added), United States v. Rabb, 752 F.2d 1320, 1323 (9th Cir.1984) ("We reject [a] ‘justification’ requirement ....’’), and United States v. Scott, 524 F.2d 465, 467 (5th Cir. 1975), with McRae v. United States, 420 F.2d 1283, 1288-89 (D.C.Cir.1969)..