NOT DESIGNATED FOR PUBLICATION

No. 127,736

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PIDY TIGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Pidy Tiger appeals the decision of the Sedgwick County District Court to deny both his motion to correct an illegal sentence and his motion to reconsider. Because a motion to correct an illegal sentence may not be used by an appellant to breathe new life into an argument previously raised and ruled on and Tiger has unsuccessfully raised this exact issue before, we affirm the district court's decision.

1

In 2012, a jury convicted Tiger on one count each of aggravated indecent liberties with a child and rape while acquitting him on one count of aggravated criminal sodomy. The district court imposed two concurrent, hard 25 life sentences. Tiger has filed a litany of appeals and postconviction motions, all of which were found by this court to be substantively and/or procedurally defective.

In December 2021, Tiger filed the motion at issue in this appeal—a pro se motion to correct an illegal sentence under K.S.A. 22-3504. In his motion, Tiger argued the district court lacked jurisdiction over his case given that he and the victim were both members of an Indian tribe and the crimes occurred in Indian territory.

In the district court's order summarily denying Tiger's motion, it cited the procedural history of the case, including that Tiger's crimes occurred in Sedgwick County. The district court noted that this location was not within Indian territory, nor was it land covered under the Treaty of 1856 with the Creek Nation. Citing to *Negonsott v. Samuels*, 507 U.S. 99, 105, 113 S. Ct. 1119, 122 L. Ed. 2d 457 (1993), the district court found that the Kansas Act explicitly and unambiguously confers jurisdiction to the State of Kansas over all offenses involving Indians on Indian reservations. The district court concluded by finding it had "subject matter jurisdiction over this case and this crime, and personal jurisdiction over defendant."

Later that month, Tiger filed a pro se motion to reconsider which the district court denied.

Tiger filed a timely notice of appeal.

ANALYSIS

Tiger claims the district erred by summarily denying his motion to correct an illegal sentence. Under K.S.A. 22-3504(c)(1), a sentence is illegal if it is imposed by a court without jurisdiction. He claims the court lacked jurisdiction over him as an enrolled member of the Creek tribe whose acts occurred on tribal land. But fatal to his appeal is the fact that he has raised this exact illegal sentence claim before and this court denied him relief.

In *State v. Tiger*, No. 124,532, 2022 WL 4115573, at *5 (Kan. App. 2022) (unpublished opinion), a panel of this court noted that "Tiger presents an argument the district court did not have jurisdiction over him as a Native American for crimes committed on Native American land." Thus, he argued his sentence was illegal. Tiger relied on *McGirt v. Oklahoma*, 591 U.S. 894, 140 S. Ct. 2452, 207 L. Ed. 2d 985 (2020), to support his argument. After analyzing *McGirt* and the other cases cited by Tiger, the panel concluded: "We have been unable to find any indication South Wichita, where Tiger's acts occurred, was an Indian reservation, trust, or restricted allotment. Tiger's argument fails on this point as the State had jurisdiction over him even as a member of the Creek Nation for the acts he committed in South Wichita." See *Tiger*, 2022 WL 4115573, at *5 (finding that the location of Tiger's crimes did not occur on reservation). Although Tiger initially filed a petition for review, it was later voluntarily dismissed and the mandate issued.

Here Tiger again argues that his sentence is illegal because the district court lacked jurisdiction based on his interpretation of the facts in conjunction with the United States Supreme Court's holding in *McGirt*. Tiger argued that under *McGirt*, the treaty signed with the Muskogee Creek Nation acknowledging their sovereignty was the "'supreme law of the land,'" and the State did not have jurisdiction to try or convict a member of the tribe on land included within the treaty.

3

While illegal sentence claims and jurisdictional claims can be raised at any time, the *same* claim cannot be raised multiple times. See *Explorer, Inc. v. Duranotic Door, Inc.*, No. 104,560, 2011 WL 5833351, at *4 (Kan. App. 2011) (unpublished opinion); see also K.S.A. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."); *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016) (finding that the existence of subject matter jurisdiction can be challenged at any time). Once the jurisdiction issue is raised, if a party disagrees with the court's ruling, it is required to properly appeal the ruling. When an appealable order is not appealed, it becomes the law of the case. *State v. Finical*, 254 Kan. 529, 532, 867 P.2d 322 (1994).

A motion to correct an illegal sentence may not be used by an appellant to breathe new life into an argument previously raised and ruled on. *State v. Robertson*, 298 Kan. 342, 344-45, 312 P.3d 361 (2013) ("We will not permit his new motion to correct an illegal sentence to be used as a vehicle to 'breathe new life' into an issue previously determined against Robertson on multiple occasions."). Tiger has advanced no substantially different argument from his prior motion to correct an illegal sentence. And as noted above, his argument fails on the merits. Given that the record conclusively establishes that Tiger is not entitled to relief, the district court's decision is affirmed.

But Tiger makes one last attempt to convince us that the district court erred, by claiming that it should have granted his motion to alter or amend its order.

It is appropriate for a court to grant a motion to reconsider if the court has mistaken the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific examples of when granting a motion to reconsider may be warranted include when there is an intervening change in the controlling law, if there is a need to correct for clear error, or for new evidence that was previously unavailable. *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir. 2015). A motion to reconsider is not appropriate for issues already addressed or to advance arguments that a

4

party could have raised earlier. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

Tiger concedes that he did not provide any new arguments or evidence to support a change to the district court's previous rulings. Instead, he relies entirely on his assertion that the district court did not properly consider his new argument that any extension of jurisdiction over a member of the Creek nation violated the Treaty of 1856 and thereby, the Supremacy Clause of the United States Constitution that holds treaties as "the supreme Law of the Land." U.S. Const. art. VI, cl. 2.

Because Tiger's motion for reconsideration merely repeated arguments previously considered by the court and we have found the record conclusively established that Tiger is not entitled to relief, the district court did not abuse its discretion in denying his motion to reconsider.

Affirmed.