No. 105,882

STATE OF KANSAS, *Appellee*, v. JOSHUA ROBERTSON, *Appellant*.

(312 P.3d 361)

Opinion filed November 8, 2013.

*Michael C. Brown*, of Mulvane, was on the brief for appellant, and *Joshua James Robertson*, appellant pro se, was on a supplemental brief.

*Darrin C. Devinney*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Joshua James Robertson appeals the summary denial of his pro se motion to correct an illegal sentence and clerical errors, pursuant to K.S.A. 22-3504.

Robertson was convicted by a jury in 2002 of first-degree murder, arson, and aggravated burglary. The evidence against him included a videotape of his interview with law enforcement, which was played for the jury. Robertson received a hard 50 life sentence after the district judge determined that the murder had been committed in an especially heinous, atrocious, or cruel manner.

Robertson's unsuccessful direct appeal, among other things, attacked the district judge's denial of his motion to suppress his statements to law enforcement. See *State v. Robertson*, 279 Kan. 291, 300, 109 P.3d 1174 (2005).

Robertson then filed a motion under K.S.A. 60-1507. The district court dismissed the motion without an evidentiary hearing, and the Court of Appeals affirmed that dismissal in *Robertson v. State*, No. 95,188, 2007 WL 570179 (Kan. App. 2007) (unpublished opinion). His later motion to correct an illegal sentence, raising issues related to the use of his statements to law enforcement, also was denied. Still later motions filed in district court sought relief

from his convictions and sentences; one of these motions also was entitled motion to correct illegal sentence and contained arguments similar to those raised before. All of these motions also were denied in the district court.

Robertson recently obtained a copy of the videotape of his interview with law enforcement, and this evidently has prompted the motion underlying this appeal.

Under K.S.A. 22-3504(1), an illegal sentence may be corrected at any time. An "illegal sentence" is a " 'sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' " *Trotter v. State*, 288 Kan. 112, 126, 200 P.3d 1236 (2009) (quoting *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 [2006]). K.S.A. 22-3504(2) allows for correction of clerical errors.

When a district judge summarily denies a motion to correct an illegal sentence, an appellate court applies a de novo standard of review because appellate courts have the same access to the motion, records, and files as the district court. Like the district court, the appellate court determines if these documents conclusively establish that the movant is entitled to no relief. *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 (2013).

This appeal focuses on two arguments. First, Robertson claims that the lack of an evidentiary hearing below precludes meaningful appellate review. Second, he claims that res judicata does not apply because he did not argue that his sentence was illegal on direct appeal.

We reject both of Robertson's claims.

On Robertson's first claim, our review of the record persuades us that the district judge's findings and conclusions are sufficiently memorialized in a written order. In the process of attempting to recast his dispute over suppression as a sentencing issue, Robertson depends in part on what he asserts were inaccuracies in the district judge's description of the contents of the interview videotape, a description the judge relied upon at sentencing. We detect no errors in the district judge's description of the videotape's content

that detract from the essential soundness of the judge's description. No evidentiary hearing on Robertson's latest motion to correct an illegal sentence was needed for us to retrace our steps to a past destination. See *Robertson*, 279 Kan. at 302-03.

Robertson's second claim attempts to drive us to the merits of the judge's legal conclusion on suppression. He compares his own transcription of his videotaped interview to the judge's description and insists that a detective initiated questioning after Robertson's unequivocal request for the assistance of a lawyer. Thus, Robertson asserts, under *McNeil v. Wisconsin*, 501 U.S. 171, 176-77, 111 S. Ct. 2204, 115 L. Ed. 2d 158 (1991), that all of his subsequent statements should have been presumed involuntary and suppressed. Robertson contends that this claim should somehow avoid the bar of res judicata.

In Kansas, there are four requirements to apply res judicata: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of persons for or against whom claim is made. *In re Care & Treatment of Sporn*, 289 Kan. 681, 686, 215 P.3d 615 (2009). In other words, " '(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.' " *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (quoting *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, *cert. denied* 537 U.S. 1088 [2002]). The applicability of res judicata is a question of law over which this court has unlimited review. *State v. Kelly*, 291 Kan. 868, 874, 248 P.3d 1282 (2011).

Robertson's most recent motion seeks the same relief on the same grounds denied by the district court multiple times on his posttrial motions, by this court on his direct appeal, on his motion and appeal under K.S.A. 60-1507, and on his subsequent motions collaterally attacking his convictions and sentence. The causes of action and parties in each were identical. We will not permit his new motion to correct an illegal sentence to be used as a vehicle to "breathe new life" into an issue previously determined against

Robertson on multiple occasions. See *Martin*, 294 Kan. at 641 (citing *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 [2008]).

The judgment of the district court is affirmed.