NOT DESIGNATED FOR PUBLICATION

No. 112,676

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CAIN DIXON, JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed September 4, 2015. Affirmed.

*Cain Dixon, Jr.*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*:  Cain Dixon, Jr., appeals the district court's dismissal of his motion for relief from judgment under K.S.A. 60-260 and K.S.A. 60-2606. On appeal, we find that his claim is barred by res judicata and that he may not use a motion pursuant to K.S.A. 60-260 and K.S.A. 60-2606 to challenge his conviction. Thus, we affirm.

On February 15, 1990, a jury convicted Dixon of aggravated burglary, first-degree murder, and attempted first-degree murder. Briefly summarized, Dixon broke into his estranged wife's home, fatally shot her three times with a shotgun, and drove to a

1

laundromat where he shot and wounded his wife's new boyfriend, who survived. *State v. Dixon*, 248 Kan. 776, 779-80, 811 P.2d 1153 (1991). The district court sentenced Dixon to consecutive terms of life in prison for the charge of first-degree murder, 15 years to life for the charge of attempted first-degree murder, and 5 to 20 years in prison for the charge of aggravated burglary. The Kansas Supreme Court subsequently affirmed his convictions. 248 Kan. at 791.

In 1993, Dixon filed his first K.S.A. 60-1507 motion, in which he alleged that his appellate counsel on direct appeal was ineffective by failing to raise issues regarding the admission of prior crimes evidence and the victim's statements. Dixon also alleged that he did not knowingly and intelligently waive his *Miranda* rights. The district court denied Dixon's request for a hearing, and the Court of Appeals affirmed. *Dixon v. State*, No. 70,156, unpublished opinion filed May 13, 1994, *rev. denied* 255 Kan. 1001 (1994).

In 1994, Dixon filed a second K.S.A. 60-1507 motion challenging the jury instructions, but the district court dismissed the motion as successive. A panel of this court affirmed, agreeing with the district court that no exceptional circumstances justified his failure to raise the issue earlier. *Dixon v. State*, No. 73,583, unpublished opinion filed August 30, 1996.

On June 13, 2000, Dixon filed a motion to correct an illegal sentence, alleging that the district court should have instructed the jury on aggravated assault as a lesser included offense of attempted first degree murder. The district court denied the motion, and our Supreme Court affirmed, finding that he could not use a motion to correct an illegal sentence to attack a nonsentencing issue. *State v. Dixon*, No. 87,030, unpublished opinion filed July 12, 2002.

On July 7, 2004, Dixon filed a third K.S.A. 60-1507 motion, in which he claimed—among other things—that his trial counsel was ineffective for failing "to object

2

to the trial court's erroneous definition of 'deliberately'" in the jury instructions and that there was insufficient evidence to show premeditation. The district court dismissed the motion, finding it successive and untimely. A panel of this court disagreed that the motion was untimely but found that it was nonetheless successive, so it affirmed. *Dixon v. State*, No. 94,866, 2007 WL 518860, at *2-3 (Kan. App. 2007) (unpublished opinion).

On March 21, 2013, Dixon filed a motion for relief from judgment in the 2004 case, which is the subject of this appeal. In the accompanying memorandum in support, Dixon once again argued that the district court erroneously defined deliberate and that his trial counsel was ineffective for failing to object to the definition. The State argued that Dixon's claims were barred by res judiciata and that he could not use K.S.A. 60-260 or K.S.A. 60-2606 to collaterally attack his conviction. The district court agreed and dismissed the motion.

In this appeal, Dixon first contends that the district court erred by finding that his claims were barred by res judicata. Res judicata—or claim preclusion—consists of four elements:  "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, *cert. denied* 537 U.S. 1088 (2002). When a direct appeal has been taken from a conviction or sentence, the doctrine of res judicata provides that the parties to the appeal are barred from relitigating any issue that was decided. It also means that any issue that could have been presented in the direct appeal, but was not, is deemed waived in a collateral proceeding. *Grossman v. State*, 300 Kan. 1058, Syl. ¶ 3, 337 P.3d 687 (2014). Whether claim preclusion applies is an issue of law over which we exercise de novo review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

Dixon again takes issue with the trial court's definition of deliberate. Although he now claims that when the district court defined deliberate it "enacted new law," which amounted to "an insidious usurpation of the legislative power by the judiciary" thereby

violating the separation of powers doctrine. But it is apparent from his motion that he continues to argue that the district court's definition of deliberate "lowere[ed] the [S]tate's burden of proof" to show that he acted deliberately. This is simply a repackaging of the same issue Dixon presented in his 2004 K.S.A. 60-1507 motion, which another panel of the court found to be successive. See *Dixon*, 2007 WL 518860 at *1-2.

Any issue raised and decided in a prior K.S.A. 60-1507 motion or motion to correct an illegal sentence is res judicata and cannot be raised in a subsequent motion. *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704 (2012) (Defendant who had previously raised the same issue six times—once in a K.S.A. 60-1507 motion and in five motions to correct an illegal sentence—was barred from raising it again in his current motion to correct illegal sentence.). Accordingly, we find that Dixon's claim is barred by res judicata.

Dixon also contends that the district court erred by finding that he could not obtain relief under K.S.A. 60-260 or K.S.A. 60-2606. The Kansas Supreme Court recently held that a criminal defendant can use neither K.S.A. 60-260(b) nor K.S.A. 60-2606 to collaterally attack a criminal conviction or sentence. *State v. Kingsley*, 299 Kan. 896, 326 P.3d 1083 (2014). Although Dixon acknowledges *Kingsley*, he argues that it is distinguishable because he filed a K.S.A. 60-260 motion in a civil proceeding, whereas Kingsley filed the same motion "to set aside the judgment of conviction in a criminal proceeding." As the State points out, this is a distinction without a difference because the Kansas Supreme Court has held that neither K.S.A. 60-260 nor K.S.A. 60-2606 can be used to "collaterally attack[] a criminal conviction and sentence." *State v. Kingsley*, 299 Kan. 896, Syl. ¶ 1.

Because Dixon's motion is successive many times over, we find that *Kingsley* applies to him. See *State v. Reed*, No. 110,867, 2014 WL 7152351, at *1 (Kan. App. 2014) (unpublished opinion) (finding that a motion pursuant to K.S.A. 60-260 and K.S.A.

4

60-2606 was successful because it contained the same issue raised on appeal). And we are bound to follow precedent established by the Kansas Supreme Court unless there is an indication that it is departing from the precedent. See *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). There is nothing to suggest that our Supreme Court is straying from its decision in *Kingsley*. See *State v. Sellers*, 301 Kan. 540, 544, 344 P.3d 950 (2015).

Affirmed.