NOT DESIGNATED FOR PUBLICATION

No. 113,645

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MCCARLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed May 13, 2016. Sentence vacated and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., STANDRIDGE and ATCHESON, JJ.

*Per Curiam*:  Steven McCarley appeals the district court's decision to summarily deny his motion to correct an illegal sentence. Specifically, McCarley argues the district court erred by over-classifying his prior pre-Kansas Sentencing Guidelines Act (KSGA) burglary conviction as a person felony for criminal history purposes, which resulted in an illegal sentence. McCarley claims he is entitled to relief under *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), as applied by our state in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey II*).

1

The State argues this court should not reach the merits of whether McCarley's sentence is illegal because the issue is procedurally barred by the doctrines of waiver and res judicata and because the holding in *Dickey II* should not be retroactively applied in this case. Finding no legal bar to our review, we hold that McCarley's sentence is illegal under *Dickey II*, and therefore vacate the sentence imposed and remand the matter to the district court for resentencing.

FACTS

On September 28, 2005, a jury convicted McCarley of one count of aggravated battery, a severity level 5 person felony. According to his presentence investigation (PSI) report, his criminal history scored "A" due in part to a 1989 burglary conviction, which was classified by the sentencing court as a person felony. After a downward departure, the court sentenced McCarley to 36 months' probation with an underlying 122-month prison sentence. The court subsequently revoked McCarley's probation, and he was ordered to serve the underlying sentence.

In 2014, a panel of this court issued *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). In *Dickey I*, we held judicial factfinding at sentencing that goes beyond the existence of a prior conviction or the statutory elements constituting the prior conviction violates a defendant's right under the Sixth Amendment to the United States Constitution based on the holdings in *Descamps* and *Apprendi*. *Dickey I*, 50 Kan. App. 2d at 488-90. While *Dickey I* was pending before our Supreme Court, McCarley filed a motion to correct illegal sentence. In this motion, McCarley argued the sentencing court erred by over-classifying his prior pre-KSGA burglary conviction as a person felony for criminal history purposes, which resulted in an illegal sentence under *Descamps*, *Apprendi*, and *Dickey I*. The district court summarily denied McCarley's motion. McCarley appealed. The Supreme Court subsequently affirmed this court's holding in *Dickey II*.

2

ANALYSIS

McCarley claims the district court erroneously denied his motion to correct an illegal sentence. "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1). Whether a sentence is illegal is a question of law over which an appellate court has unlimited review. *State v. Moncla*, 301 Kan. 549, 551, 343 P.3d 1161 (2015).

Our Supreme Court has defined "illegal sentence" under K.S.A. 22-3504 as:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Moncla*, 301 Kan. at 551.

McCarley challenges his sentence based on the second definition of a K.S.A. 22-3504 illegal sentence as defined by our Supreme Court: his sentence does not conform to the applicable statutory provision in terms of the punishment authorized. See *Moncla*, 301 Kan. at 551. Specifically, McCarley argues the burglary statute upon which his pre-1993 burglary conviction was based did not include the dwelling element required to classify the crime as a person felony; thus, the district court was constitutionally prohibited from classifying it as a person felony for criminal history purposes. McCarley claims the district court's misclassification in this regard resulted in a higher criminal history score which, in turn, caused the court to impose an illegal sentence that did not conform to the applicable statutory provision in terms of the punishment authorized.

The State does not challenge McCarley's motion on the merits. Rather, it contends that McCarley is procedurally barred from obtaining relief on his claim because (a) McCarley waived his claim by failing to object to his criminal history score at sentencing; (b) McCarley's failure to raise his claim at sentencing or on direct appeal precludes the court from considering it now based on the doctrine of res judicata; and (c)

3

McCarley is not entitled to have the Supreme Court's holding in *Dickey II* retroactively applied to his case. Given the State's arguments are all procedural in nature, we address each of them before reaching the merits of McCarley's claim of illegal sentence.

1. *Procedural issues*

    a. *Waiver*

The State contends McCarley waived the right to challenge his criminal history score because he failed to object to it at sentencing or on direct appeal. But the Supreme Court specifically addressed this contention in *Dickey II* and resolved it against the State's position. In that case, the court held Dickey was not barred from challenging the classification of his prior burglary adjudication even after he stipulated to his criminal history score at sentencing:

> "[A] defendant's stipulation or failure to object at sentencing will prevent the defendant from later challenging the existence of convictions listed in his or her criminal history. But a stipulation or lack of an objection regarding how those convictions should be classified or counted as a matter of law for the purpose of determining the defendant's criminal history score will not prevent a subsequent challenge under K.S.A. 22-3504(1) of his or her prior convictions. [Citation omitted.]" *Dickey II*, 301 Kan. at 1032.

The same analysis applies here. Thus, McCarley has not waived his right to obtain relief from an illegal sentence by failing to object to his criminal history score at sentencing.

    b. *Res judicata*

Similarly, the doctrine of res judicata does not bar a motion to correct an illegal sentence, which by statute may be brought at any time. The applicability of res judicata is

a question of law over which the appellate court has unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

The State correctly recites the general rule of res judicata, which requires a defendant to raise all available issues on direct appeal. See *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). However, our Supreme Court has recognized the statutory exception for motions to correct illegal sentences, which the legislature expressly provides may be brought "at any time." K.S.A. 22-3504(1); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011). In *Neal*, the defendant filed a motion to correct an illegal sentence 7 years after his direct appeal, claiming for the first time that his prior misdemeanor convictions were improperly aggregated into a single person felony in determining his criminal history score. The court held that because a motion to correct an illegal sentence may be filed at any time, the motion was not barred by res judicata. 292 Kan. at 631; see also *State v. Martin*, No. 113,189, 2016 WL 852130, at *1, Syl. ¶ 5 (Kan. App. 2016) ("Applying the doctrine of res judicata to bar challenges of an illegal sentence merely because they could have been brought in a direct appeal would undermine the clear statutory directive in K.S.A. 22-3504[1] that courts may correct an illegal sentence at any time.").

Based on the holding by our Supreme Court in *Neal*, the doctrine of res judicata does not preclude McCarley from seeking relief from an illegal sentence.

c. *Retroactive application of the holding in* Dickey II

The State argues McCarley's motion is procedurally barred because the Supreme Court's holding in *Dickey II* may not be retroactively applied to the current case, which was final when the Supreme Court's opinion in *Dickey II* was filed.

As a general rule, "when an appellate court decision changes the law, that change acts prospectively and applies only to all cases, state or federal, that are pending on direct review or not yet final on the date of the appellate court decision." *State v. Mitchell*, 297 Kan. 118, Syl. ¶ 3, 298 P.3d 349 (2013). However, the court's holding in *Dickey II* is not a "change in the law" under that analysis but rather an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*. See *Dickey II*, 301 Kan. at 1021 ("[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*."); *Martin*, 2016 WL 852130, at *8 ("*Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* [*II*] applied that framework to Kansas criminal history determinations."). Accordingly, the date *Apprendi* was decided is the relevant date for purposes of the retroactivity analysis. *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001). In *Gould*, the court indicated that all post-*Apprendi* cases must comply with the constitutional rule announced in that case:

> "Our holding on the constitutionality of upward departures under the KSGA has no retroactive application to cases final as of June 26, 2000, the date *Apprendi* was decided. However, the new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal *or which are not yet final or which arose after June 26, 2000*. [Citation omitted.]" (Emphasis added.) *Gould*, 271 Kan. at 414.

McCarley's claim seeking relief from an illegal sentence in this case arose well after *Apprendi*; therefore, applying the *Apprendi* constitutional analysis set forth in *Dickey II* is not an improperly retroactive application of that law. *Cf. Whisler v. State*, 272 Kan. 864, 36 P.3d 290 (2001), *cert. denied* 535 U.S. 1066 (2002) (direct appeal final prior to *Apprendi* decision, so *Apprendi* was not retroactively applied). Our finding in this regard corresponds with this court's recent finding in *Martin*:

> "[W]e find that retroactivity analysis is not applicable when it is determined by a court that a constitutional error affects the defendant's criminal history score resulting in an illegal sentence. The legislative directive in K.S.A. 22-3504(1) allows courts to correct an illegal sentence at any time. Thus, we conclude that a claim under *Dickey* [*II*] may be brought by a defendant in a motion to correct illegal sentence even when the time for direct appeal has passed and the defendant's sentence is final." 2016 WL 852130, at *7.

As the court did in *Martin*, we conclude McCarley is not procedurally barred from obtaining relief from an illegal sentence based on the fact that McCarley's case was final when the Supreme Court's opinion in *Dickey II* was filed.

2. *Illegal sentence*

Finding no procedural bar, we now address the merits of McCarley's claim of an illegal sentence based on the sentencing court's erroneous classification of his 1989 burglary conviction as a person felony in violation of his constitutional rights under *Descamps*, 133 S. Ct. at 2281-87 (sentencing judge violates Sixth Amendment by increasing criminal sentence based on facts about prior burglary that were not proven to jury beyond reasonable doubt); *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); and as applied by our Supreme Court in *Dickey II*. The State does not dispute that if *Dickey II* applies, McCarley's sentence is illegal.

*Dickey II* presented almost identical facts to those presented here. In that case, Dickey pled guilty to felony theft. At sentencing, his PSI report listed a 1992 juvenile adjudication for burglary, which the sentencing court classified as a person felony. Dickey did not object to his criminal history score or PSI report at sentencing. On appeal, he challenged the classification of the prior adjudication as a person felony as a violation of his Sixth Amendment rights established by the United States Supreme Court in

*Descamps* and *Apprendi*. The court found that the 1992 burglary statute under which Dickey had previously been adjudicated did not require evidence that the burglarized structure was a dwelling. *Dickey II*, 301 Kan. at 1039. The court noted that the distinction between person and nonperson crimes did not exist when Dickey was adjudicated but after the KSGA was enacted in 1993, a burglary had to be of a "dwelling" in order to be classified a person felony. 301 Kan. at 1039; see K.S.A. 2015 Supp. 21-6811(d).

The *Dickey II* court ultimately held the sentencing court was constitutionally prohibited from making a factual determination that the prior burglary adjudication involved a dwelling. The court's improper determination in that regard necessarily resulted in misclassification of the prior adjudication as a person offense. This, in turn, increased Dickey's criminal history score and resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized. *Dickey II*, 301 Kan. at 1020-21.

Like the facts in *Dickey II*, the burglary statute in effect at the time McCarley committed the 1989 burglary did not contain the dwelling element required to classify the crime as a person felony. See K.S.A. 21-3715 (Ensley 1988). Under the legal principles set forth in *Dickey II*, then, we conclude the sentencing court violated McCarley's constitutional right by finding the 1989 burglary involved a dwelling. As a result, the sentencing court erroneously misclassified that prior burglary as a person felony for purposes of calculating McCarley's criminal history score, which resulted in an illegal sentence that did not comply with the applicable statutory provision regarding the term of punishment authorized.

Based on the discussion above, we vacate the sentence imposed and remand the matter to the district court with directions to reclassify the 1989 burglary as a nonperson offense, recalculate McCarley's criminal history score based on reclassification, and then resentence McCarley based on that recalculated criminal history score.