NOT DESIGNATED FOR PUBLICATION

No. 112,714

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA J. ROBERTSON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed May 12, 2017. Judgment of the district court is affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, and *Carl F.A. Maughan,* of Maughan Law Group LC, of Wichita, were on the briefs for appellant.

*Cheryl M. Pierce*, assistant county attorney, and *Derek Schmidt,* attorney general, were on the briefs for appellee.

*Per Curiam:*  Joshua Robertson appeals the district court's denial of his motion to correct an illegal sentence, in which he argued that *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), renders his judicially enhanced life sentence unconstitutional, and therefore illegal. In denying Robertson's motion, the district court analyzed whether the holding in *Alleyne* could be retroactively applied to Robertson by construing his pleading as a K.S.A. 60-1507 motion. Determining that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.

1

Ed. 2d 435 (2000), and using the prospective-only application of *Apprendi* as an analogy, the district court held that *Alleyne* could not be retroactively applied and, consequently, Robertson could not obtain relief in a 60-1507 collateral attack.

For the first time on appeal, Robertson makes an Eighth Amendment categorical proportionality claim that his hard 50 life sentence is cruel and unusual, albeit he does not identify an exception that would justify his failure to preserve the issue below.

FACTUAL AND PROCEDURAL OVERVIEW

Robertson was convicted in 2002 of first-degree murder, arson, and aggravated burglary and sentenced to an imprisonment term of life without possibility of parole for 50 years (hard 50 life sentence) for the first-degree murder conviction. His convictions and sentence were affirmed on direct appeal, where one of the issues he raised was a constitutional challenge to the hard 50 sentence based on *Apprendi*. *State v. Robertson*, 279 Kan. 291, 109 P.3d 1174 (2005). Based on the existing United States Supreme Court precedent at the time, this court rejected Robertson's *Apprendi* challenge. 279 Kan. at 308.

Over the next 5 years, Robertson filed a succession of motions under K.S.A. 60-1507 and K.S.A. 22-3504 that were denied by the district court, of which two were affirmed on appeal. See *State v. Robertson*, 298 Kan. 342, 312 P.3d 361 (2013); *Robertson v. State*, 288 Kan. 217, 201 P.3d 691 (2009).

This appeal emanates from Robertson's 2013 pro se motion to correct an illegal sentence under K.S.A. 22-3504. The district court denied Robertson's motion without a hearing. In a comprehensive written order, the district court analyzed the merits of Robertson's motion under K.S.A. 60-1507 (postconviction collateral attack of sentence).

Citing *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), the district court stated Robertson's argument lacked merit because *Alleyne,* which is an extension of *Apprendi*, had not been applied retroactively to cases on collateral review.

Robertson timely appeals. He argues that, based on *Alleyne*, his hard 50 life sentence was the product of unconstitutional judicial fact-finding, which provides the manifest injustice to permit an untimely 60-1507 motion. See K.S.A. 2016 Supp. 60-1507(f) (time limit to file motion). And for the first time, Robertson challenges his hard 50 life sentence as cruel and unusual under the Eighth Amendment to the United States Constitution, albeit he fails to properly brief why his failure to preserve the issue is not dispositive. We find both challenges to be unavailing.

JURISDICTION

As a preliminary matter, we briefly discuss our jurisdiction to hear this case in the first instance. *Northern Natural Gas Co. v. ONEOK Field Services Co*., 296 Kan. 906, 916, 296 P.3d 1106 (2013) (appellate court has duty to question jurisdiction on its own initiative). A ruling on a motion to correct an illegal sentence, where the sentence imposed for a homicide is imprisonment for life, is directly appealable to this court. K.S.A. 2016 Supp. 22-3601(b)(3). In contrast, the initial appeal of a district court's ruling on a K.S.A. 60-1507 motion goes to the Court of Appeals. K.S.A. 2016 Supp. 60-1507(d). This case was filed as a motion to correct illegal sentence but construed as a 60-1507 motion. Consequently, as a matter of judicial economy, we will consider this appeal as having been transferred to this court, on our own motion. See K.S.A. 20-3018(c) (Supreme Court can transfer case from Court of Appeals on its own motion). In other words, we will dispose of the matter before us.

RETROACTIVE APPLICATION OF *ALLEYNE* HOLDING TO FINAL CASES

In *State v. Kirtdoll*, 306 Kan. ___, ___ P.3d ___ (No. 114,465, this day decided), slip op. at 8, we held that the rule of law established by *Alleyne* cannot be applied retroactively via a K.S.A. 60-1507 motion to invalidate sentences in cases that were final when *Alleyne* was decided. We noted that the holding in *Alleyne*, like the *Apprendi* decision from which it derived, was not considered a new watershed rule of constitutional criminal procedure that would fit within an exception to the general rule against retroactively applying new rules of law on collateral review. *Kirtdoll,* 306 Kan. at ____, slip op. at 7-8; see *Teague v. Lane*, 489 U.S. 288, 311-13, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (establishing the exceptions permitting retroactive application of new rules of law). Consequently, Kirtdoll did not obtain relief from his hard 50 life sentence.

Robertson is in the same circumstance as Kirtdoll; his case was final when *Alleyne* was decided. Consequently, our holding in *Kirtdoll* dictates that Robertson cannot take advantage of the new rule of law in *Alleyne,* and we must affirm the district court's denial of postconviction relief.

EIGHTH AMENDMENT CATEGORICAL PROPORTIONALITY CLAIM

The Eighth Amendment to the United States Constitution prohibits inflicting cruel and unusual punishment, and that constitutional protection has been extended to the states through the Fourteenth Amendment to the United States Constitution. See *Robinson v. California*, 370 U.S. 660, 667, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962). Robertson argues that his hard 50 life sentence is disproportionately cruel and unusual punishment because he was 21 years old at the time of the offense and "apparently" had a history of mental illness.

4

Eighth Amendment proportionality challenges are divided into two classifications: "(1) the length of term-of-years sentences given all the circumstances in a particular case; and (2) categorical restrictions on the death penalty." *State v. Dull*, 302 Kan. 32, 38, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016). The second classification also includes cases "in which the court implements the proportionality standard based on certain categorical restrictions." 302 Kan. at 38. Robertson confines his Eighth Amendment claim to a categorical proportionality challenge.

Robertson did not raise his Eighth Amendment claim at his sentencing hearing in the district court or ask for any findings relating to the cruel and unusual nature of the hard 50 life sentence. Likewise, Robertson did not raise this constitutional challenge in his numerous prior postconviction motions. Generally, we do not entertain constitutional grounds for reversal that are asserted for the first time on appeal. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015).

Nevertheless, there are exceptions to that general rule, including when the newly asserted theory involves only a question of law arising on proved or admitted facts and the legal question is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). We have previously used that exception to review categorical proportionality Eighth Amendment claims raised for the first time on appeal. See *Dull*, 302 Kan. at 39; *State v. Williams*, 298 Kan. 1075, 1084-85, 319 P.3d 528 (2014).

But *Williams* gave fair warning to future appellants on how to properly brief the question of issue preservation. The court specifically pointed to our rule in Supreme Court Rule 6.02(a)(5) (2013 Kan. Ct. R. Annot. 39-40), which requires an appellant's brief to contain the following information:

5

"(5)     The arguments and authorities relied on, separated by issue if there is more than one. Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. *If the issue was not raised below, there must be an explanation why the issue is properly before the court.*" (Emphasis added).

Because prior cases had not strictly enforced that briefing rule, *Williams* proceeded to reach the merits of the newly asserted Eighth Amendment issue in that case. Nevertheless, the opinion made the following announcement:

"But we are unwilling to ignore the rule's plain language. Future litigants should consider this a warning and comply with Rule 6.02(a)(5) by explaining why an issue is properly before the court if it was not raised below—or risk a ruling that an issue improperly briefed will be deemed waived or abandoned. See, *e.g., State v. Tague,* 296 Kan. 993, 1001-02, 298 P.3d 273 (2013) (argument abandoned because it is not supported with pertinent authority as required by Rule 6.02[a][5]); [*State v.*] *Johnson,* 293 Kan. [959,] 964-65[, 270 P.3d 1135 (2012)] (must argue why exception to preservation requirement applies); *Kansas Medical Mut. Ins. Co. v. Svaty,* 291 Kan. 597, 623, 244 P.3d 642 (2010) (each issue must begin with citation to appropriate standard of review and reference to specific location in record where issue was raised and ruled upon)." *Williams*, 298 Kan. at 1085-86.

Then, on May 29, 2015, this court filed its opinion in *Godfrey*, which clarified that the warning in *Williams* was not an idle threat. Because Godfrey had made no effort to explain why review of an unpreserved constitutional issue was warranted, the *Godfrey* court deemed "the appellant's brief woefully insufficient" and declared that the issue had been "abandoned by Godfrey's failure to brief it." 301 Kan. at 1044.

Robertson's supplemental brief raising his Eighth Amendment claim for the first time was filed February 12, 2016, after our decision in *Godfrey*. Our rules designating the required content of an appellant's brief have not been changed. See Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 35). Yet, Robertson made no effort to comply with Rule 6.02(a)(5) by designating one or more recognized exceptions to our preservation rule and explaining why review of his Eighth Amendment claim—raised for the first time on appeal—is warranted under the designated exception(s). Consequently, in accordance with *Williams* and *Godfrey*, we deem Robertson's Eighth Amendment categorical challenge to have been abandoned for failure to properly brief the issue.

Affirmed.