NOT DESIGNATED FOR PUBLICATION

Nos. 117,996
117,997

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER A. PEYTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed August 17, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant, and *Walter A. Payton*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: In two cases consolidated for trial, a jury convicted Walter A. Peyton, a.k.a. Walter L. Payton, of two counts of statutory rape of a minor and one count of rape of an adult woman. With respect to the statutory rape of the minor, there was no DNA evidence to test because the crime was reported to the authorities long after the sexual contact occurred. As to the adult woman victim, the results of DNA testing excluded Peyton as the donor of the seminal fluid. He was sentenced to prison for 712 months on April 21, 1998.

1

On direct appeal, Peyton argued without success that (1) the trial court erred by not granting a continuance, (2) the trial court erred by not granting a mistrial based on inadmissible statements made by one of the State's witnesses, (3) the State improperly shifted the burden of proof by committing error during closing argument, (4) the State failed to prove his criminal history, and (5) he received ineffective assistance of counsel during the course of the trial. *State v. Peyton*, No. 81,569, unpublished opinion filed February 18, 2000.

In 2001, Peyton filed his first K.S.A. 60-1507 motion, which the district court denied. We affirmed the district court's decision in *Peyton v. State*, No. 88,293, unpublished opinion filed January 24, 2003.

In 2006, Peyton moved for retesting of his DNA. The motion was denied and we affirmed, finding that additional testing could provide no benefit to Peyton because tests of the DNA found at the crime scene excluded him as a contributor. Additional DNA testing would not help him. *State v. Payton*, No. 96,637, summary order filed November 9, 2006.

On March 27, 2007, Peyton filed a "Motion for Actual Innocent Pursuant to K.S.A. 22-2512 DNA Excluded," seeking to have his convictions set aside or a new trial ordered due to the prosecutor's actions. Peyton again requested a DNA test. The district court denied relief. On appeal, Peyton argued that his counsel had been ineffective and that he was entitled to new DNA testing. We affirmed the district court on the basis of res judicata. *Payton v. State*, No. 99,293, 2009 WL 77911 (Kan. App. 2009) (unpublished opinion).

In July 2010, Peyton filed a second K.S.A. 60-1507 motion, claiming actual innocence because the DNA evidence excluded him from the substances found in the victim's underwear. He argued that his counsel was ineffective for failing to file a *Franks*

2

hearing to challenge the veracity of the warrant for his arrest based on the DNA evidence, the statements of the victims, the statements of law enforcement, and the records of the hospital examination. See *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). He also argued that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence of his convictions. The district court found that Peyton's motion was untimely and successive and that he failed to demonstrate manifest injustice and/or exceptional circumstances justifying consideration of the motion. A panel of this court agreed that Peyton failed to establish either manifest injustice allowing an untimely K.S.A. 60-1507 motion or exceptional circumstances allowing a successive motion. *Payton v. State*, No. 105,822, 2012 WL 1352837, at *3-4 (Kan. App. 2012) (unpublished opinion).

In 2014, Peyton filed a motion to correct an illegal sentence under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014). His motion was granted, and he was resentenced to 476 months in prison. The State appealed. After *Murdock* was overruled by *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), this court ultimately reversed the district court.

Peyton then filed pro se motions for default judgment, for a dismissal, for a judgment of acquittal, and for an order requiring him to be present for a December 16, 2016 hearing.

On January 11, 2017, the district court held a hearing during which it vacated the 476-month sentence imposed in December 2014 and reinstated the 712-month prison sentence that originally had been imposed on April 21, 1998. The court denied three of Peyton's pro se motions, noting they were barred by the doctrine of res judicata. The court found Peyton's fourth motion—a request to be present at a hearing on December 16, 2016— was moot because the hearing originally scheduled for December 16, 2016, was rescheduled on January 11, 2017, and Peyton was present for the rescheduled hearing.

3

Peyton's appeal brings his case once again before us.

We have the appellate brief of Peyton's appellate counsel as well as Peyton's own pro se appellate brief. Peyton's appellate counsel claims the district court erred in denying Peyton's pro se motions based on the doctrine of res judicata. This raises an issue of law over which we have unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

The judgment of the appellate court is res judicata as to all issues actually raised. Further, issues that could have been raised but were not are deemed to have been waived. *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). See *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012).

Appellate counsel asserts that (1) DNA testing excluded Peyton as a perpetrator of these crimes and he should receive a hearing regarding the DNA evidence, (2) Peyton requests a *Franks* hearing regarding the statements a detective made on an affidavit, (3) Peyton has concerns about the prosecutor in the case, (4) the prior convictions in Peyton's criminal history were not supported by certified journal entries, (5) Peyton wishes to bring in additional witnesses that did not appear at trial, (6) Peyton wants to bring in additional evidence and explore issues that were not addressed at trial, (7) Peyton believes he did not receive adequate representation, and (8) Peyton would like to apprise the district court about his assertions of manifest injustice that would allow him "to get evidence back in front of the Court."

Other than stating Peyton's concerns, appellate counsel makes no argument as to how the district court erred in applying the doctrine of res judicata. Further, counsel fails to specifically argue how Peyton's claim of manifest injustice allows us to treat his pro se K.S.A. 60-1507 motions as timely. Because all of these statements are conclusory and no argument is provided to support them, these issues have been abandoned. See *State v.*

4

*Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (a point incidentally raised in a brief and not argued therein is deemed abandoned). Failure to support a point with pertinent authority or in the face of contrary authority is the same as failing to brief the issue. See *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015). Moreover, all of the issues mentioned by appellate counsel have been raised before. We find no error in the district court's decision to apply the doctrine of res judicata in denying relief on them.

In his pro se supplemental brief, Peyton argues that his sentence is illegal because the State failed to meet its burden under K.S.A. 1998 Supp. 21-4715(c) to prove his prior conviction in California. Peyton complains that he requested a copy of the journal entry authenticating the prior conviction, but the document cannot now be found.

In Peyton's direct appeal, a panel of this court considered and rejected Peyton's challenge to his prior conviction in California based on his assertion that the State did not meet its burden to provide documents to support the conviction. *Peyton*, No. 81,569, slip op. at 7-9. The court concluded that the district court did not err in determining Peyton's criminal history. *Peyton*, No. 81,569, slip op. at 9. Because this issue was considered and determined by our court in Peyton's direct appeal, we will not reconsider it now. See *Drach v. Bruce*, 281 Kan. 1058, 1078-80, 136 P.3d 390 (2006), *cert. denied* 549 U.S. 1278 (2007) (discussion of res judicata and law of the case).

Affirmed.