NOT DESIGNATED FOR PUBLICATION

No. 123,110

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY W. MULLENS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Crawford District Court; MARY JENNIFER BRUNETTI, judge. Opinion filed August 20, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Reina Probert*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Contending that the district court improperly classified a Texas juvenile adjudication as a person felony, Bradley Mullens appeals the denial of his motion to correct an illegal sentence. When we apply the law that was in effect at the time of Mullens' sentencing, we find that Mullens' conviction was comparable to the Kansas crime of residential burglary, a person crime. We therefore affirm the district court's denial of his motion. His Texas juvenile adjudication was not misclassified.

1

*Mullens pled guilty to a drug crime and received probation.*

The State charged Mullens with several drug crimes in January 2012. The parties entered into a plea agreement. Under that agreement, Mullens agreed to plead guilty to one count of conspiracy to manufacture methamphetamine. In exchange, the State agreed to drop all other charges. Both parties would then recommend to the court to make a downward dispositional departure sentence from prison to probation and an upward durational departure sentence from three years of probation to five years' probation.

The court followed the recommendation and imposed a suspended 167-month prison sentence with 5 years of probation. The length of that prison term depended, in part, on Mullens' criminal history score. The court scored his criminal history as D based on 12 nonperson misdemeanor convictions and a 2003 felony juvenile adjudication in Texas for burglary of a habitation. The court classified it as a person felony. How that Texas adjudication should be scored is the subject of this appeal.

*After the court revoked his probation, Mullens moved to correct an illegal sentence.*

In November 2017, the court revoked Mullens' probation and ordered him to serve his 167-month prison sentence. About two years later, Mullens moved to correct an illegal sentence under K.S.A. 2018 Supp. 22-3504, arguing that the district court should not have classified his Texas adjudication as a person felony under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018).

That case held that for an out-of-state conviction to be comparable to a Kansas crime, the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime to which it is being compared. *Wetrich*, 307 Kan. 552, Syl. ¶ 3. Mullens argued that the elements of the Texas burglary of a habitation statute were broader than the elements of the Kansas burglary statute, so the two crimes were not

2

comparable. As a result, he contended that the court should have classified his Texas conviction as a nonperson felony for criminal history purposes. This would mean his sentence should have been shorter.

The district court denied Mullens' motion and he appeals.

*We will hear this appeal.*

To us, Mullens argues that his Texas juvenile adjudication for burglary of a habitation is not comparable to the Kansas crime of residential burglary—which is a person felony—but is comparable to the Kansas crime of nonresidential burglary—which is a nonperson felony. He therefore contends that his Texas conviction should have been classified as a nonperson felony for criminal history purposes and that, as a result, he is serving an illegal sentence.

In response, the State insists that we cannot reach that issue based on the principle of res judicata, which generally prevents a person from raising a particular claim after the court has already ruled on it. See *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). We disagree. Our Supreme Court has determined that the language of K.S.A. 2018 Supp. 22-3504(1)—which allows the court to "correct an illegal sentence at any time"—overrides any concerns about res judicata. *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016). We therefore consider the merits of Mullens' argument.

The legality of a sentence under K.S.A. 2020 Supp. 22-3504 is controlled by the law in effect when the sentence was pronounced. This means that a sentence that was legal when pronounced does not become illegal if the law subsequently changes. *State v. Newton*, 309 Kan. 1070, Syl. ¶ 2, 442 P.3d 489 (2019). Mullens now acknowledges that the identical-or-narrower test from *Wetrich* does not apply to his appeal because he was

3

sentenced in 2013, well before *Wetrich* was issued in 2018. We must therefore look to the law in effect when Mullens was sentenced.

Under the statutes in effect when Mullens was sentenced, a prior out-of-state conviction had to be classified as a "person" or "nonperson" crime under K.S.A. 2012 Supp. 21-6811(e). That statute directed that, in making that classification, the court must look at "comparable" offenses. When Mullens was sentenced, Kansas caselaw construed K.S.A. 21-4711(e) (predecessor of K.S.A. 2012 Supp. 21-6811[e]) to mean "[f]or purposes of determining criminal history, the offenses need only be comparable, not identical." *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). The comparable Kansas offense was the "the closest approximation" to the out-of-state crime. 276 Kan. at 179. We must then search for the closest Kansas approximation to the Texas crime.

The Texas burglary of a habitation statute in 2003, when Mullens was adjudicated, had these elements:

> "(a) A person commits an offense if, without the effective consent of the owner, he:
> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, or theft, or an assault; or
> (2) remains concealed, with intent to commit a felony, or theft, or an assault, in a building or habitation; or
> (3) enters a building or habitation and commits or attempts to commit a felony, or theft, or an assault." Tex. Penal Code Ann. § 30.02 (1999).

We note that the statute distinguishes between residential and nonresidential, and it imposes a more severe sentence for residential burglary: burglary is a "felony of the second degree if committed in a habitation" and a "state jail felony if committed in a building other than a habitation." Tex. Penal Code Ann. § 30.02(c) (1999).

4

If we turn to the Kansas burglary statute in effect when Mullens was sentenced for his current crime, it stated:

> "(a) Burglary is, without authority, entering into or remaining within any:
> (1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;
> (2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or
> (3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein."
> K.S.A. 2012 Supp. 21-5807(a).

Like the Texas statute, the Kansas statute distinguishes between residential and nonresidential burglary and punishes residential burglary more severely. Residential burglary as described in subsection (a)(1) is a person felony, and nonresidential burglary as described in subsections (a)(2) and (a)(3) are nonperson felonies. K.S.A. 2012 Supp. 21-5807(c)(1)(A).

Mullens argues that his Texas adjudication for burglary of a habitation is most comparable to nonresidential burglary in Kansas. He uses an example of a detached garage to show his point. In his view, the Texas law defines a "habitation" as "a structure or vehicle that is adapted for the overnight accommodation of persons" including "each structure appurtenant to or connected with the structure or vehicle." Tex. Penal Code Ann. § 30.01(1). Under that definition, a habitation can include an unattached garage. See *Jones v. State*, 690 S.W.2d 318, 319 (Tex. App. 1985).

But, in contrast, Kansas law defines a "dwelling" as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 2012 Supp. 21-5111(k). Under that definition, burglary of an unattached garage would not be a residential burglary under Kansas law.

See K.S.A. 2012 Supp. 21-5807(a)(1). Thus, Mullens contends that his Texas crime was not comparable to the Kansas offense for burglary of a dwelling.

We must disagree with Mullens. The Kansas and Texas statutes both distinguish between residential and nonresidential burglary and punish residential burglary more harshly. The certified copies of Mullens' juvenile adjudication and disposition order from Texas—which the State admitted without objection in the district court—show that Mullens was adjudicated for residential burglary, not nonresidential burglary. The statutory definition of "habitation" under Texas law may be slightly broader than the definition of "dwelling" under Kansas law—and thus the Texas residential burglary offense may cover a slightly broader range of conduct. But our task is to determine the Kansas statute that is comparable, not identical.

We find that the Kansas residential burglary statute, K.S.A. 2012 Supp. 21-5807(a)(1), is the closest approximation to the Texas burglary of a habitation statute. In doing so, we reach the same conclusion as another panel of our court in *State v. Lewis*, No. 118,401, 2019 WL 6041667, at *5 (Kan. App. 2019) (unpublished opinion), *rev. denied* 311 Kan. 1048 (2020).

A residential burglary under K.S.A. 2012 Supp. 21-5807(a)(1) is a person offense. See K.S.A. 2012 Supp. 21-5807(c)(1)(A). So Mullens' 2003 Texas burglary conviction must also be scored as a person offense for criminal history purposes. See K.S.A. 2012 Supp. 21-6811(e). The district court did not err.

Affirmed.