NOT DESIGNATED FOR PUBLICATION

No. 126,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FAYVUN MANNING,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Submitted without oral argument. Opinion filed January 26, 2024. Affirmed.


*Fayvun Manning*, appellant pro se.


*Kayla Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., MALONE and ISHERWOOD, JJ.


PER CURIAM:  Fayvun Manning embarked on a crime spree in the late 1990s, which resulted in convictions from two separate jury trials. At the conclusion of the first case, the district court sentenced him to consecutive sentences of 15 years for felony murder and 51 months for aggravated robbery. In the second case, he was sentenced to serve a 162-month prison term consecutive to the sentences imposed in his first case. In the years that followed, Manning repeatedly sought relief under K.S.A. 60-1507, as well as a motion to correct an illegal sentence, none of which produced results favorable to him. Manning recently again attempted to obtain relief through a motion to correct an

1

illegal sentence by arguing the consecutive nature of his prison terms in the two cases gave rise to an ambiguous sentence. The district court denied the motion under principles of res judicata but also went on to find that he was not entitled to relief on the merits of his claim. Manning appeals that denial and questions whether res judicata truly provided an applicable theory for denial of his motion and whether the merits of his contention demand correction of his sentence.

Following a careful review of the record, we share the district court's conclusion that res judicata barred Manning from relief given that he had the opportunity to raise his most recent claim in earlier motions but neglected to do so. Given our conclusion on that issue, it is unnecessary to analyze the merits of his illegal sentence claim. Accordingly, the district court's denial of Manning's motion to correct illegal sentence is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In September 1998, a jury convicted Manning of one count of first-degree felony murder and one count of aggravated robbery, and the district court sentenced him to life without the possibility of parole for 15 years for the felony murder and 51 months for the aggravated robbery, with the sentences to be served consecutively. The following year, Manning was convicted of one count of aggravated battery and, despite Manning's request that the district court run his sentence concurrent with that ordered in his earlier case, the judge imposed a 162-month prison sentence to be served consecutive to the sentences in his first case. As support for its denial of Manning's request, the court cited the premeditated and excessively brutal, senseless nature of the crime.

In 2018, Manning filed his first motion to correct an illegal sentence to contend that the district court lacked any statutory authority to order the sentences in the two cases to run consecutive. He also argued that the convictions in his first case were wholly

accounted for in his criminal history score, so the consecutive sentences were impermissible.

The district court summarily denied Manning's motion and noted that given his multiple earlier requests for relief under K.S.A. 60-1507, the motion could be viewed through that procedural lens and denied as successive. It nevertheless addressed the merits of Manning's claim and concluded it was within the clear discretion of the sentencing judge to impose consecutive sentences. Manning appealed the denial of his motion, and a panel of this court affirmed the district court's decision. *State v. Manning*, No. 120,087, 2019 WL 2237225, at *4 (Kan. App. 2019) (unpublished opinion).

Several years later, Manning filed a second motion to correct an illegal sentence, which is the subject of this appeal. Through that filing, he attempted to obtain relief by arguing that when the district court ordered him to serve the sentence in his second case consecutive to that in his first case, it imposed an ambiguous sentence. The district court denied his motion after finding it was barred under res judicata.

Manning now brings his case back to our court for an analysis of whether the district court erred in relying on res judicata to deny his motion and whether he is entitled to relief on the merits of his ambiguous sentence claim.

LEGAL ANALYSIS

*The district court properly concluded that res judicata barred Manning's request for relief.*

In his first claim of error, Manning asserts that the district court improperly denied his motion to correct an illegal sentence under the doctrine of res judicata. His reasoning is based on the misunderstanding that his previous motion to correct an illegal sentence was filed only under his first case and not his second. The State argues that the district

3

court properly relied on res judicata to deny the motion and points out that Manning's earlier motion encompassed both of his cases. We exercise a de novo standard of review over claims that a district court erroneously denied a motion to correct an illegal sentence. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

As previously noted, Manning has filed several postconviction motions in the years following his convictions, yet he never touched upon the claim that the district court's order for his sentence in his second case be served consecutively to that in his first gave rise to an ambiguous sentence. Thus, upon reviewing his current motion, the district court viewed the claim as one Manning had the opportunity to raise but failed to do so and, as a result, he was barred under the theory of res judicata from raising it now. In Kansas, four requirements must be present for res judicata to apply: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits. The applicability of res judicata is a question of law over which this court has unlimited review. *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013).

Again, in his earlier motion, Manning argued that his sentence must be corrected because there was no explicit statutory authority which enabled the district court to order a sentence in one case to run consecutive to that from a prior case. The district court summarily denied his motion. First, on the grounds that it was successive given his history of prior postconviction motions and, second, because it was within the discretion of the sentencing judge whether to impose consecutive sentences. That judgment was affirmed on appeal. *Manning*, 2019 WL 2237225, at *4.

Each of the four res judicata components is fulfilled here. First, Manning is raising the same claim as his previous motion, that the consecutive nature of his sentences was infirm and failed to meet the requirements of a legal sentence. Second, the same parties, Manning and the State, are litigating this motion. Third, Manning could have raised his current argument regarding the ambiguity of his sentence in the previous motion. Finally,

4

his previous motion was decided by a final judgment on the merits given that the district court rejected Manning's particularized challenge to his sentence and this court affirmed the denial of that motion. See *State v. Moncla*, 317 Kan. 413, 416, 531 P.3d 528 (2023) (appellate court's affirmation of district court's summary denial of motion to correct illegal sentence is a final judgment on the merits). Therefore, the four requirements of res judicata have been satisfied.

Before moving on, it is worth acknowledging that a limited exception to the doctrine of res judicata exists for motions to correct illegal sentences. When a subsequent development in the law shows that the sentence was wrongly determined to be legal in the first instance, the defendant has an opportunity to revisit the merits of their motion. To seize this opportunity, the defendant bears a threshold burden to make such a showing. *Moncla*, 317 Kan. at 416-17. The State correctly points out that Manning failed to identify any legal development since his previous motion appeared before this court which serves to undermine the prior determination that his sentence was legally imposed. Thus, Manning has failed to take the necessary steps to trigger that exception.

We affirm the district court's dismissal of Manning's current motion to correct illegal sentence under the doctrine of res judicata. "A successive motion that merely seeks a 'second bite' at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules." *State v. Murdock*, 309 Kan. 585, 592-93, 439 P.3d 307 (2019). In so doing, we decline to delve into an analysis of the merits of the claim providing the foundation for Manning's motion.

Affirmed.